

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-40,953-05 & WR-40,953-06

### EX PARTE RICKY LEE STROBLE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 12,326 & 12,777 IN THE 506TH DISTRICT COURT
### FROM WALLER COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and indecency with a child and sentenced to ninety-nine years' and twenty years' imprisonment. The First Court of Appeals affirmed his convictions. *Stroble v. State*, Nos. 01-09-00886-CR & 01-09-00887-CR (Tex. App.—Houston [1st Dist.] April 28, 2011)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance by failing to object

to the State's breach of the plea agreement and by failing to file a motion to suppress illegally obtained evidence, including a videotape obtained by his ex-wife and photos improperly used to obtain an outcry of abuse from the complainant. He also contends that his plea agreement was breached by the State's arguing for a life sentence when it had agreed to make no recommendation as to punishment as part of the plea bargain agreement.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to the specifics of the plea bargain agreement and whether that plea agreement was breached by the State. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: June 3, 2015
Do not publish